## No. 26075

### The People of the State of Colorado v. Richard E. Miller
(534 P.2d 1218)

Decided May 12, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Appellant was convicted by a jury of giving a $54.96 no account check to the Downtowner Motor Inn, in violation of 1965 Perm. Supp., C.R.S. 1963, 40-14-10.

Appellant asserts three evidentiary grounds for reversal of the judgment. We agree with his contention that the court committed reversible error in allowing proof of a material element of the offense charged, through hearsay evidence and the conclusionary statements of the People's principal witness. We therefore reverse the judgment.

In particular, the People failed to prove by competent evidence that the appellant was a guest in or received services from the hotel and that he delivered the no account check in payment therefor. The evidence of the transaction, in addition to the check, consisted of the testimony of the hotel accounting officer, admitted over the objection of the appellant, that it was his conclusion, based upon data endorsed on the back of the check by the desk clerk, that appellant must have given the no account check in payment for services. The accounting officer was not a witness to the transaction. He could not identify appellant as having been a guest at the hotel or as having received any services from the hotel. *No hotel business records regarding the transaction were offered in evidence.* Equally important, the desk clerk who purportedly handled the transaction did not testify. In short, there was no competent evidence that appellant was a hotel guest or that he had made payment for hotel services.

Other evidence supporting the People's case consisted of the testimony of a police handwriting expert who had compared the signature on the check to two known signatures of appellant, and who was of the opinion that the appellant had signed the check. No comparison was made by the expert of the other written portions of the check and no opinion was offered concerning that handwriting. The cashier of the drawee bank testified appellant did not have an account at that bank.

Further evidence consisted of another check purportedly written by appellant and given to Continental Airlines for the pur-

chase of an airplane ticket. This exhibit was also admitted over appellant's objection as a similar transaction, although, again, the witness could not identify appellant, nor recall the transaction. *See Stull v. People,* 140 Colo. 278, 344 P.2d 455.

■ It is clear that the conclusionary evidence of the hotel accounting officer based on the data endorsed on the back of the check by the absent desk clerk was inadmissible as hearsay. There was no other competent evidence that appellant issued the check to the hotel in payment for services, goods, merchandise, money or other thing of value, as required by the statute defining the crime of no account check. 1965 Perm. Supp., C.R.S. 1963, 40-14-10. Without competent evidence to establish beyond a reasonable doubt this required proof, the verdict of the jury must be set aside and the conviction reversed.

■ We observe that the evidence of the similar transaction more clearly comported to the proof required for a conviction under this statute. However, appellant was not charged with an offense in connection with the Continental Airlines transaction and it is fundamental that he may not be convicted on the basis of what may have occurred in another transaction. *Stull v. People, supra.*

The judgment is reversed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.